IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-cr-158 |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| MATTHEW SAWYER KRAFT, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure,

the United States of America, by its attorneys, Nicholas W. Chase, Acting United States

Attorney for the District of North Dakota, and Richard M. Lee, Assistant United States

Attorney; Defendant, Matthew Sawyer Kraft; and Defendant's counsel, Mark A.

Beauchene, agree to the following:

1.     Defendant acknowledges the Indictment charges violations of Title 18,

United States Code, Sections 922(g)(1), 922(g)(3), 924(a)(2), 924(d)(1), and

924(a)(1)(C); and Title 26, United States Code, Sections 5822, 5841, 5861(c), 5871, and

5872; and Title 28, United States Code Section 2461(c).

2.     Defendant has read the charges and Defendant's attorney has fully

explained the charges to Defendant.

3.     Defendant fully understands the nature and elements of the charged crimes.

4.     Defendant will voluntarily plead guilty to Counts One, Three, Four, and

Five of the Indictment.

5.      The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6.      Defendant will plead guilty because Defendant is in fact guilty of the charges. In pleading guilty to Counts One, Three, Four, and Five, Defendant acknowledges that:

6a.      On or about June 28, 2021, in the District of North Dakota, MATTHEW SAWYER KRAFT, knowing that he had previously been convicted in any court of one or more of the following crimes punishable by imprisonment for a term exceeding one year, to wit: Possession of a Controlled Substance – Heroin – with a Firearm; Possession of a Controlled Substance – Methamphetamine – with a Firearm; Possession of a Controlled Substance – Schedule I Hallucinogenic – with a Firearm, in violation of North Dakota Century Code § 19-03.1-23(8)(a), a crime punishable by a fine and not more than five years imprisonment, State of North Dakota, Cass County, District Court, Case Number 09-2018-CR-05056, Judgment entered on or about March 18, 2019, did knowingly possess firearms, specifically:

• a Ruger, Model AR-556, 5.56 caliber firearm, Serial Number 853-41894;

• an Intratec, Model AB10, 9mm caliber pistol, Serial Number A036685;

• a Maxflo NG2 Defender, Model MF3D223, .223 caliber firearm silencer, Serial Number MF3D100049;

2

• a Grand Power S.R.O., Model Stribog SP9A1, 9mm caliber rifle, Serial Number GBA4800;

• an Intratec, Model AB10, 9mm caliber pistol, Serial Number 126523;

• a Glock, Model 43, 9mm caliber pistol, Serial Number BDRG029;

• a Taurus International, Model G2C, 9mm caliber pistol, Serial Number TLP02613;

said firearms having been shipped and transported in interstate commerce.

6b.     On or about June 28, 2021, in the District of North Dakota, MATTHEW SAWYER KRAFT knowingly received and possessed firearms, specifically:

• a Juggernaut Tactical JT-15 lower receiver, manufactured into a firearm with no serial number, with an overall length of approximately 25.5 inches and a barrel with an approximate length of 11 inches, a rifle having a barrel of less than 16 inches in length ("Juggernaut Tactical JT-15");

• an unknown manufacturer lower receiver, manufactured into a firearm with no serial number, with an overall length of approximately 29 inches and a barrel with an approximate length of 10 inches, a rifle having a barrel of less than 16 inches in length ("unknown manufacturer lower receiver");

• a Grand Power S.R.O., Model Stribog SP9A1, 9mm caliber rifle, Serial Number: GBA4800, with an overall length of approximately 31.5 inches and with a barrel with an approximate length of 8 inches, a rifle having a barrel of less than 16 inches in length ("Grand Power S.R.O."); and

• 14 miscellaneous firearm silencers with no known manufacturer and no serial numbers ("14 miscellaneous firearm silencers");

all made in violation of Chapter 53 of Title 26. Specifically, on or about June 28, 2021, MATTHEW SAWYER KRAFT knowingly possessed the firearms described in paragraph 6b while knowing the Juggernaut Tactical

JT-15, unknown manufacturer lower receiver, and the Grand Power S.R.O. were short-barreled rifles and that the 14 miscellaneous firearm silencers were firearm silencers. Further, on that same day, the firearms described in paragraph 6b were capable of operating as designed or could readily be put in operating condition. Finally, on that same day, the firearms listed in paragraph 6b were made in violation of Chapter 53 of Title 26 because the requirements of making a firearm pursuant to 26 U.S.C. § 5822 had not been met in that no application to make and register the firearms had been filed; the applicable tax had not been paid; the firearms had not been properly identified; the applicant had not properly identified himself; and no approval had been obtained.

6c.    On or about June 28, 2021, in the District of North Dakota, MATTHEW SAWYER KRAFT knowingly received and possessed a firearm, specifically:

> • a Maxflo NG2 Defender, Model MF3D223, .223 caliber firearm silencer, Serial Number MF3D100049 ("Maxflo NG2 Defender"),

not registered to him in the National Firearms Registration and Transfer Record. Specifically, on or about June 28, 2021, MATTHEW SAWYER KRAFT knowingly possessed the Maxflo NG2 Defender while knowing it was a firearm silencer. On that same day, the Maxflo NG2 Defender was capable of operating as designed or could readily be put in operating condition. Lastly, on that same day, the Maxflo NG2 Defender was not registered to MATTHEW SAWYER KRAFT in the National Firearms Registration and Transfer Record.

6d.    In or about May through June, 2021, in the District of North Dakota, MATTHEW SAWYER KRAFT, knowingly and without authorization by the Attorney General as provided in Title 18, United States Code, Section 925(d), imported and brought into the United States, firearms, specifically:

> • 6 miscellaneous firearm silencers with no known manufacturer and no serial numbers.

4

7.    Defendant understands the following maximum penalties apply:

<u>Count One</u>

Imprisonment:          10 years
Fine:                         $250,000
Supervised Release:    3 years
Special Assessment:    $100

<u>Count Three</u>

Imprisonment:          10 years
Fine:                         $10,000
Supervised Release:    3 years
Special Assessment:    $100

<u>Count Four</u>

Imprisonment:          10 years
Fine:                         $10,000
Supervised Release:    3 years
Special Assessment:    $100

<u>Count Five</u>

Imprisonment:          5 years
Fine:                         $250,000
Supervised Release:    3 years
Special Assessment:    $100

Defendant agrees to pay the Clerk of United States District Court the special assessment

on or before the day of sentencing.

8.    Defendant understands that by pleading guilty Defendant surrenders rights,

including:

(a)    The right to a speedy public jury trial and related rights as follow:

(i)    A jury would be composed of twelve (12) lay persons

selected at random. Defendant and Defendant's attorney would help choose

5

the jurors by removing prospective jurors "for cause," where actual bias or
other disqualification is shown; or by removing jurors without cause by
exercising so-called peremptory challenges. The jury would have to agree
unanimously before it could return a verdict. The jury would be instructed
that Defendant is presumed innocent and that it could not return a guilty
verdict unless it found Defendant guilty beyond a reasonable doubt.

      (ii)     If a trial were held without a jury, then the Judge would find
the facts and determine whether Defendant was guilty beyond a reasonable
doubt.

      (iii)    At a trial, whether by a jury or Judge, the United States is
required to present witness testimony and other evidence against
Defendant. Defendant's attorney can confront and examine them. In turn,
the defense can present witness testimony and other evidence. If witnesses
for Defendant refuse to appear voluntarily, Defendant can require their
attendance through the subpoena power of the Court.

      (iv)    At trial, Defendant has a privilege against self-incrimination;
thus, Defendant can decline to testify. No inference of guilt can be drawn
from Defendant's refusal to testify. Defendant can choose to testify, but
cannot be required to testify.

    (b)    Defendant has a right to remain silent. However, under terms of the
Plea Agreement, the Judge will likely ask Defendant questions about Defendant's
criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.     Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, Guidelines Manual, (Nov. 2018) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.    The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 20. (USSG § 2K2.1(a)(4)(B)(i)(II)).

14.    The parties agree that the following upward adjustments are applicable in this case:

- +6: Number of firearms between 24-99. (USSG § 2K2.1(b)(1)(B)).

15.    The parties agree that the following downward adjustments are applicable in this case: Not applicable except as provided in paragraph 16.

16.    At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

17.    Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

18.    At sentencing, the United States will:

    (a)    Recommend a sentence no higher than 37 months;

    (b)    Move to dismiss Count Two of the Indictment.

    (c)    Recommend forfeiture as provided in the Indictment.

19.     Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

20.     Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

21.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

22.    **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

23.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

24.     Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

25.     The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

26.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

NICHOLAS  W. CHASE
Acting United States Attorney

Dated: 2/7/2022

By: RICHARD  M. LEE
Assistant United States Attorney

Dated: 2-4-22

MATTHEW SAWYER  KRAFT
Defendant

Dated: 2/y/2022

MARK A. BEAUCHENE
Attorney for Defendant

12